UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EAGLE SYSTEMS, INC., on behalf of itself
and all others similarly situated,

                Plaintiff,

                  v.

ROBERT ASARO-ANGELO, in his official
capacity,

                Defendant.

Civil Action No. 18-11445 (MAS) (DEA)

**ORDER TO SHOW CAUSE**

        This matter comes before the Court upon the Court's review of the docket. As discussed in the Court's recent Memorandum Opinion (ECF No. 43), the Court is concerned with whether the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341 deprives the Court of subject matter jurisdiction over this matter.

        Federal courts, as courts of limited jurisdiction, presume a lack of jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Id.* Furthermore, federal courts must inquire into the court's subject matter jurisdiction *sua sponte* "when subject matter jurisdiction is in question." *Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citation omitted); *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002) ("Court[s have] a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction.") "Under Federal Rule of Civil Procedure 12(h)(3), '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" *Chin v. Xerox Corp.*, No. 11-3069, 2012 WL 6027169, at *4 (D.N.J. Dec. 4, 2012) (quoting Fed. R. Civ. P. 12(h)(3)).

The TIA provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "[T]he [TIA] prohibits a federal district court, in most circumstances, from issuing an injunction enjoining the collection of state taxes." *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). The TIA "also prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional." *Id.*

Here, Plaintiff Eagle Systems, Inc. ("Plaintiff") brings seven substantive counts against Defendant and in the eighth count seeks declaratory relief pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202. (*See* Compl. ¶¶ 100-173, ECF No. 4.) Plaintiff states that the Court has jurisdiction pursuant to "28 U.S.C. § 1331 . . . because this case contains federal questions arising under the U.S. Constitution including the Supremacy Clause, the Due Process Clause of the Fourteenth Amendment, [and] the Federal Aviation Administration Authorization Act, 15 U.S.C. § 14501(c)(1) . . . ." (*Id.* ¶ 17.) Plaintiff also states that the Court has jurisdiction pursuant to 28 U.S.C. § 2201 because "this proceeding is one for declaratory and injunctive relief . . . ." (*Id.*)

Defendant Robert Asaro-Angelo ("Defendant"), in his official capacity as the Commissioner of the Department of Labor and Workforce Development of the State of New Jersey, moved to dismiss. (Def.'s Mot. to Dismiss, ECF No. 15.) Defendant's arguments in support of his Motion to Dismiss are (1) that the FAAAA does not preempt the ABC Test; (2) that Plaintiff failed to state valid Section 1983 and Contract Clause claims; (3) that the *Younger* abstention doctrine applies; and (4) that the Court should decline to exercise supplemental subject matter jurisdiction over Plaintiff's state law claims. (*See generally* Def.'s Moving Br., ECF No. 15-1.) Defendant urges the Court to reach the merits of Plaintiff's federal claims and then

decline to exercise supplemental jurisdiction over Plaintiff's state claims.  (*See generally id.*)  Thus, Defendant assumes that the Court has subject matter jurisdiction.

Plaintiff opposed Defendant's motion (Pl.'s Opp'n Br., ECF No. 26), and Defendant replied (Def.'s Reply Br., ECF No. 30).  In his Reply Brief, Defendant mentions the TIA in passing as support for his argument regarding Plaintiff's failure to bring valid claims pursuant to 42 U.S.C. § 1983.  (*Id.* at 11-12.)  Defendant's brief mention of the TIA, however, does not address the impact of the TIA on the Court's subject matter jurisdiction.

Because the TIA may deprive the Court of subject matter jurisdiction, the Court will not consider the merits of Defendant's Motion and motions filed by putative amici curiae[1] until the Court determines that it has subject matter jurisdiction over this matter.

For the reasons set forth above, and other good cause shown,

**IT IS** on this 31st day of July, 2019, hereby, **ORDERED** that:

1. By **August 8, 2019**, Plaintiff must show cause by e-filed submission setting forth the basis of the Court's subject matter jurisdiction in light of the Tax Injunction Act, 28 U.S.C. § 1341.

2. By **August 15, 2019**, Defendant may respond to Plaintiff's submission.

3. Defendant's Motion to Dismiss (ECF No. 15) and the motions of the putative amici curiae (ECF Nos. 36, 38, 42) are terminated pending the resolution of this Order to Show Cause.

s/Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Intermodal Association of North America filed a Motion for Leave to File an Amicus Brief. (Mot. for Leave, ECF No. 36.)  The New Jersey Motor Truck Association and the International Brotherhood of Teamsters subsequently filed similar motions. (Mots. for Leave, ECF No. 38, 42.)