

| | *State of New Jersey* | |
|---|---|---|
| PHILIP D. MURPHY | OFFICE OF THE ATTORNEY GENERAL | GURBIR S. GREWAL |
| *Governor* | DEPARTMENT OF LAW AND PUBLIC SAFETY | *Attorney General* |
| | DIVISION OF LAW | |
| SHEILA Y. OLIVER | 25 MARKET STREET | MICHELLE L. MILLER |
| *Lt. Governor* | PO BOX | *Director* |
| | TRENTON, NJ 08625-0 | |

August 15, 2019

**<u>Via Electronic Filing</u>**
Honorable Michael A. Shipp, U.S.D.J.
U.S. District Court of New Jersey
Clarkson S. Fisher Building &
U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:  Eagle Systems, Inc. v. Robert Asaro-Angelo
           Civil Action No. 3:18-cv-11445

Dear Judge Shipp:

This office represents Defendant Robert Asaro-Angelo, in his official capacity as the Commissioner of the New Jersey Department of Labor and Workforce Development ("Department"), in the above-referenced matter. Please accept this letter memorandum in opposition to Plaintiff's submission dated August 8, 2019 (ECF No. 46), wherein Plaintiff contends that the Tax Injunction Act ("TIA") does not bar Plaintiff's claims in this matter.

For the reasons set forth below, Defendant respectfully submits that the TIA deprives this Court of subject matter jurisdiction over this matter, and therefore the matter should be dismissed with prejudice.



LEGAL ARGUMENT

The Tax Injunction Act ("TIA") provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

The TIA directly applies to actions involving state unemployment compensation statutes. In Sipe v. Amerada Hess Corp., 689 F.2d 396, 398 (3d Cir. 1982), plaintiff seamen sought injunctive relief, a refund of monies and additional damages, alleging that the withholding of a portion of their wages by their employers pursuant to New Jersey's unemployment compensation tax laws violated 46 U.S.C. § 601. The Court stated that "it cannot be seriously disputed that the unemployment compensation and disability benefits contributions mandated by New Jersey law **are 'taxes'** within the meaning of the Tax Injunction Act." Id. at 402. (emphasis added).

The court in Sipe further explained that the withholding system at issue constituted an "assessment or levy" used to "produce money or other property directly" within the ambit of the TIA: "The policy of non-interference with state revenue collection served by the Tax Injunction Act applies fully to attempts to enjoin withholding, which often comprises an essential administrative mechanism for the orderly collection of taxes."

Id. at 403. See also California v. Grace Brethren Church, 457 U.S. 393, 399 (1982) (the taxes at issue in the case were state unemployment compensation taxes). Additionally, the Supreme Court held that the TIA prohibits both declaratory as well as injunctive relief in state tax cases. Id. at 411.

Plaintiff argues that the TIA is inapplicable to its Complaint based upon its contention that it is seeking relief related to the Department's conduct prior to its powers of assessment, levy and collection, specifically "a declaration that the investigatory procedures conducted by the Department prior to assessment are unlawful." (Plaintiff's Brief at 3). In support of its position, Plaintiff relies on the Supreme Court decision in Direct Marketing Association v. Brohl, 135 S. Ct. 1124 (2015).

However, Plaintiff's argument is misguided and its reliance on Brohl is entirely misplaced. In Brohl, the Court held that the TIA did not bar a suit to enjoin enforcement of a Colorado law that required out-of-state retailers to: 1) notify Colorado customers that tax is due on certain purchases; 2) send a report to Colorado customers regarding their tax obligations; and 3) send a statement to the Colorado Department of Revenue listing the names, addresses and total amount paid for purchases by their Colorado customers. Id. at 1128. The Court held that the TIA did not apply to the specific Colorado law in question, because the notice and reporting requirements of that law were related to

"information gathering" and preceded the steps of "assessment" and "collection."  Id. at 1129.

As the Brohl Court explained, Colorado still needed to take further action in order to assess taxpayer tax liability after each of the above-referenced notices or reports were filed, and such assessment procedures were triggered after the state received tax returns filed by customers and retailers.  Id. at 1131.  The Court explained that assessment is an official action taken based on information already reported to the taxing authority.  Id. at 1130.

The circumstances presented here are entirely distinguishable from Brohl.  Brohl specifically dealt with a Colorado state law imposing notice and reporting requirements upon certain retailers.  Whereas, here Plaintiff is challenging the enforcement of New Jersey's test for determining employment classification, N.J.S.A. 43:21-19(i)(6) (the "ABC Test"), claiming that it is preempted by federal law and urging this Court to declare void the enforcement of the ABC Test.  (ECF No. 4, Plaintiff's Complaint at ¶ 2).  The ABC Test has absolutely nothing to do with notice and reporting requirements or pre-assessment information gathering, but is instead used to determine whether a worker is an independent contractor or an employee.  In this case, the Department employed the ABC Test during its audit of Eagle's operations, which was an

official action taken based on information already reported to the Department.

Moreover, Plaintiff contends that the Department wrongly found Owner-Operators to be employees rather than independent contractors under the ABC Test, resulting in "lawless assessments" of over $2 million dollars. (Plaintiff's Complaint at ¶ 9-11). Plaintiff is explicitly asking this Court to <u>declare void the "unlawful assessments" issued by the Department against Eagle and the Class Members</u>, due to the Department's alleged issuance of "naked assessments" that ignored relevant evidence and applicable law. (Plaintiff's Complaint at ¶ 3) (emphasis added). There can be no doubt that such an action by this Court would "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law," which is exactly what the TIA was intended to prevent.

Although Plaintiff now attempts to frame the relief that it is seeking as a declaration that the Department engaged in unlawful "investigatory procedures" prior to assessment (Plaintiff's Brief at 3), Plaintiff's filed Complaint makes clear that it is explicitly concerned with the assessments already issued against Eagle, as well as the alleged unlawful enforcement of New Jersey's Unemployment Compensation Law against Owner-Operators. Consequently, Plaintiff's argument in its brief is wholly meritless, and directly contradicted by its own Complaint.

In Gass v. Cnty. of Allegheny, the Plaintiffs were property owning taxpayers who filed a federal suit, alleging that the County Board of Property Assessment adopted a practice in processing appeals from property tax assessments that violated their due process rights. Gass v. Cnty. of Allegheny, 371 F.3d 134, 135 (3d Cir. 2004). Defendant Board moved to dismiss the case on the ground that the TIA prevented the court from exercising subject matter jurisdiction. Ibid. Plaintiffs argued that the TIA did not apply because they did not ask the District Court to "enjoin, suspend or restrain the assessment, levy or collection of any tax." Id. at 136. The Court expressly rejected this argument, stating that the Plaintiffs' challenge of the methods used by the Board to assess property values explicitly fell within the confines of the TIA: "The appeal process is directed to the Board's ultimate goal and responsibility of determining the proper amount of tax to assess – a power of "assessment" that explicitly falls within the ambit of the Tax Injunction Act." Id. at 136.

Similar to the Gass plaintiffs, here Plaintiff is challenging the methods used by the Department to assess Eagle's contributions to the Unemployment Compensation Fund, which squarely falls within the ambit of the TIA.

Moreover, it is well-established that the TIA is "construed to prohibit the district courts from granting declaratory relief in cases involving constitutional challenges to state tax acts."

Hardwick v. Cuomo, 891 F.2d 1097, 1104 (3d Cir. 1989). Here, Plaintiff without a doubt seeks declaratory relief involving a constitutional challenge to a state tax law (Plaintiff's Complaint at ¶ 2), which is prohibited by the TIA.

Contrary to Plaintiff's unpersuasive assertion, the relief it seeks would indelibly enjoin the Department from exercising its powers to assess, levy or collect taxes from employers. (Plaintiff's Brief at 4). Therefore, the relief Plaintiff is seeking is prohibited by the TIA. As such, this Court lacks subject matter jurisdiction and Plaintiff's complaint should be dismissed with prejudice.[1]

---

[1] Plaintiff does not appear to allege that New Jersey fails to provide a "plain, speedy and efficient" remedy in its own courts. In any event, the Plaintiff has availed himself of the available state remedy – It has appealed the Department's assessments to the Office of Administrative Law, where a hearing before an Administrative Law Judge ("ALJ") is currently pending. Plaintiff can then appeal the ALJ's initial decision to the agency head. The final decision of the agency is then subject to appellate review by the Superior Court of New Jersey, Appellate Division and ultimately the New Jersey Supreme Court.

<u>CONCLUSION</u>

For all of the foregoing reasons, it is respectfully requested that the Court dismiss Plaintiff's complaint with prejudice based on lack of subject matter jurisdiction pursuant to the TIA.

          Respectfully yours,

          GURBIR S. GREWAL
          ATTORNEY GENERAL OF NEW JERSEY

By: <u>/s/ Rimma Razhba</u>
    Rimma Razhba
    Deputy Attorney General

Cc: Salvador P. Simao, Esq. (via Electronic Filing)